Alfredo CHAVEZ, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 04–71040.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 6, 2012.

Brenda Diaz, Esquire, Phung, Miyamoto & Diaz, LLP, Los Angeles, CA, for Petitioner.

Bryan Stuart Beier, Senior Litigation Counsel, M. Jocelyn Lopez Wright, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Alfredo Chavez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

novo questions of law, *Pelayo–Garcia v. Holder*, 589 F.3d 1010, 1012 (9th Cir.2009), and we grant the petition for review and remand.

Chavez's 2002 conviction for oral copulation with a minor in violation of California Penal Code § 288a(b)(1), is not categorically an aggravated felony with respect to either of the federal generic definitions we have adopted for "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), because the statute of conviction lacks the elements of abuse, a four-year age difference between the defendant and the victim, and a victim under the age of 16. *See Rivera–Cuartas v. Holder*, 605 F.3d 699, 701–02 (9th Cir.2010); *Estrada–Espinoza v. Mukasey*, 546 F.3d 1147, 1159 (9th Cir.2008), *abrogated on other grounds by United States v. Aguila–Montes de Oca*, 655 F.3d 915 (9th Cir.2011) (per curiam). We therefore remand for the BIA to apply the modified categorical approach in the first instance. *See Aguila–Montes de Oca*, 655 F.3d at 928 (proceeding to the modified categorical approach is permissible where the statute of conviction is missing a requisite element).

**PETITION FOR REVIEW GRANTED; REMANDED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.